UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVELOPERS SURETY & INDEMNITY CO., <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN WOLFSON GENERAL CONTRACTING LLC, and JONATHAN WOLFSON, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY DEMAND** |

Plaintiff Developers Surety & Indemnity Co. ("DSI"), states a cause of action for Declaratory Judgment pursuant to 28 U.S.C. §2201 against Defendants Jonathan Wolfson General Contracting, LLC ("JWGC"), and Jonathan Wolfson ("Wolfson"), seeking a declaration of DSI's rights and duties under commercial general liability policy numbers BIS00019786-01 and BIS00019786-02.

## I. PARTIES

1.1   DSI is a foreign insurance company, and is an authorized insurer in the State of Washington. DSI is an Iowa corporation, and has its principal place of business in California. DSI has satisfied all prerequisites to filing this lawsuit.

Complaint for Declaratory Judgment – 1

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

1.2    JWGC is a Washington limited liability company located in Eastsound, Washington.

1.3    Wolfson is identified as the registered agent and governor of JWGC, residing in Eastsound, Washington, in the records of the Washington Secretary of State, Corporations Division. On information and belief, Wolfson is a citizen of Washington.

## II.  JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this action for declaratory judgment pursuant to 28 U.S.C. §1332, because an actual justiciable controversy exists between the parties related to their relative rights and obligations, the plaintiff is a citizen of a different state than the defendants, and the amount in controversy exceeds $75,000.

2.2    The District Court for the Western District of Washington has personal jurisdiction over the defendants in this lawsuit, as they are residents and citizens of the State of Washington.

2.3    The Western District of Washington is the proper venue for this lawsuit pursuant to 28 U.S.C. §1391, because the defendants reside in the Western District of Washington, and certain of the acts alleged herein occurred in San Juan County, Washington, within the Western District of Washington.

## III.  FACTS RELATED TO THE UNDERLYING ACTION

3.1    JWGC filed a complaint against Kanwaljit S. Marok ("Marok") in the Superior Court of Washington, San Juan County, under case number 16-2-05130-09 ("the underlying litigation"). In its complaint, JWGC alleged it entered a construction contract with Marok, dated September 16, 2015, for "repairs and completion" of Marok's residential home located at

Complaint for Declaratory Judgment – 2

1933334 / 1408.0004

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

487 Vusario Lane, Eastsound, Washington 98245 ("the Project" or "the Property"). JWGC asserted five claims against Marok and sought $62,974.68, plus interest, in connection with the construction contract and labor, services, equipment, and material for the Project, as well as amounts over $4,969.46 for increases in JWGC's annual bond premiums.

3.2     In its complaint against Marok, JWGC alleged that "prior to Marok's execution of the September 16, 2015 Construction Contract with Wolfson, Marok had a contract with another general contractor, Green Building Innovations Corp, to commence and perform the construction of Marok's single-family residence at [the Property]." JWGC further alleged:

> Plaintiff is informed and believes and on that basis alleges that the construction contract between Marok and Green Building Innovations Corp. was terminated and that the contract between Marok and Green Building Innovations Corp is the subject of litigation between them in San Juan County Superior Court Case No. 15-2-05143-2. It is the construction work of Green Building Innovations Corp. under its contract with Marok that is the "***repairs and completion*** of [Marok's] single family residence at 487 Vusario Lane, Eastsound, WA 98245" that is the subject of the Construction Contract between Marok and Wolfson, and the basis of this Complaint by Wolfson.

3.3     In response to JWGC's complaint, Marok asserted two counterclaims, for breach of contract and violations of the Washington State Consumer Protection Act, against JWGC in the underlying litigation. Marok also asserted a third-party claim against Wolfson for violation of the Washington State Consumer Protection Act.

3.4     In support of his claims in the underlying litigation, Marok alleged that he entered a contract with JWGC "[o]n or about September 17, 2015 . . . to install a roof on the single family home" at the Property. Marok alleged that he entered another contract with JWGC "[o]n or about October 24, 2015 . . . for the remediation and completion of the single

Complaint for Declaratory Judgment – 3

1933334 / 1408.0004

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

family home to be constructed at the Property." Marok alleged that JWGC "agreed to complete the agreed scope of work for the fixed price of $245,567.53."

3.5    Marok alleged that JWGC submitted invoices that did not comply with the contract, that there were problems with the construction, and that Wolfson made "false, disparaging, and slanderous comments about Marok to Marok's own contractors, and to Wolfson's subcontractors." Marok alleged that "[g]iven the baseless and incomplete billings, the indication of water leaks and damage, Wolfson's refusal and/or inability to follow the agreed designs and plans, and Wolfson's erratic behavior, Marok hired a building envelope consultant to inspect the work to date on February 23, 2016." Marok alleged that the building envelope consultant found numerous alleged defects.

3.6    In his counterclaim for breach of contract, Marok alleged that JWGC "breached the parties' Contract by failing to complete the project on time and in accordance with the agreed fixed-price Contract, and by failing to comply with the building standards in the Contract" and that Marok "has suffered substantial damages for the cost to repair the defects and resulting property damage, including loss of use, all in an amount to be proven at trial."

3.7    In his counterclaim entitled "Violations of the Washington State Consumer Protection Act," Marok alleged:

> Wolfson made numerous representations about its experience, abilities, and prior clients in convincing Counterclaimant to choose Wolfson over a competing contractor. Then during the course of the work, Wolfson performed substandard work while billing far above the full contract price. Wolfson caused significant physical damage to tangible property in the home and excessively billed Marok given the amount and quality of work performed. Wolfson also repeatedly billed Marok for materials Wolfson contracted [to] buy, including stain and

Complaint for Declaratory Judgment – 4

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

finish materials.  Wolfson's actions and representations constituted unfair or deceptive acts in trade and commerce which affected the public interest.  These unfair and deceptive acts are capable of repetition, and they have caused damages to Counterclaimant. Consequently, these acts were in violation of the Consumer Protection Act, RCW Ch. 19.86.

3.8     In his Third-Party Complaint against Wolfson, Marok alleged Wolfson is the owner of JWGC, incorporates Marok's counterclaim allegations, and restates the allegations identified in paragraph 3.7 above.  On the basis of those allegations, Marok asserts a claim against Wolfson "under the responsible corporate officer doctrine" for violations of the Consumer Protection Act.

3.9     On information and belief, the underlying litigation is subject to arbitration and has been assigned to an arbitrator.

3.10    Prior to the filing of the underlying litigation, Marok filed a complaint, dated October 9, 2015, against Green Building Innovations Corp ("Green Building") in Washington Superior Court, San Juan County, Case No. 15-2-05143-2 ("the Green Building Lawsuit").  In Marok's complaint against Green Building, Marok alleged that "[o]n or about April 27, 2014, plaintiff entered into a contract . . . with Green Building for the construction of a single family home to be constructed at the Property."

3.11    In the Green Building Lawsuit, Marok further alleged that "Green Building was responsible for fully executing the work described in the contract document, providing all employees, subcontractors, specified material, people, and equipment suppliers for all work related to the project, providing all materials unless specifically outlined in the Contract and completing the project in 9 months after the receipt of an approved building permit . . . ."

Complaint for Declaratory Judgment – 5

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

1  Marok alleged that he discovered numerous and substantial construction defects in the Project

2  in 2015 and that Green Building refused to return to the Project.

## IV.  FACTS RELATED TO THE DSI POLICIES

4.1     DSI issued commercial general liability policy numbers BIS00019786-01 and BIS00019786-02 (collectively, the "Policies") to JWGC for the policy periods August 20, 2014 to August 20, 2015, and August 20, 2015 to August 20, 2016, respectively.  The Policies are identical in relevant respects except for the policy periods to which each applies.

4.2     The Policies' insuring agreement under Coverage A provides that DSI will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to which the Policies apply and that the insurance applies to "property damage" only if the "property damage" is caused by an "occurrence" and if the "property damage" occurs during the policy period.

4.3     The Policies include the following definitions:

> **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> …
>
> **17.**    "Property damage" means:
>
> **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Complaint for Declaratory Judgment – 6

1933334 / 1408.0004

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

>>For the purposes of this insurance, electronic data is not tangible property.

4.4 The Policies' include the following exclusions under Coverage A:

>This insurance does not apply to:

>**j.** **Damage To Property**

>>"Property damage" to:
>>…

>>**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operation; or

>>**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. …
>>…

>>Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
>…

>**l.** **Damage To Your Work**

>>"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

>>This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

4.5 The Policies' insuring agreement under Coverage B provides that DSI will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which the Policies apply, but only if the offense was committed

Complaint for Declaratory Judgment – 7

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

during the policy period.

4.6   The Policies define "personal and advertising injury," in relevant part, as:

> **14.**   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> …
>
> **d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

4.7   The Policies' include the following exclusions under Coverage B:

> This insurance does not apply to:
>
> **a.   Knowing Violation Of Rights Of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> **b.   Material Published With Knowledge Of Falsity**
>
> "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.
>
> . . .
>
> **f.   Breach Of Contract**
>
> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".
>
> **g.   Quality Or Performance Of Goods – Failure To Conform To Statements**
>
> "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made

Complaint for Declaratory Judgment – 8

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

in your "advertisement".

    **h.**    **Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

4.8    The Policies contain the Additional Conditions Endorsement (ID 00 06 01 14), which provides:

The following conditions precedent to coverage are added to and form part of the policy:

1.    You must be named an additional insured on the commercial general liability policy of each contractor and subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.

2.    You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.

3.    Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products-completed operations aggregate limits, including sublimits, in an amount equal to or greater than this policy.

4.    You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related to work performed on your behalf by each such contractor and subcontractor.

Complaint for Declaratory Judgment – 9

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

4.9 The Policies include the Exclusion – Takeover of Unfinished Work Endorsement (ID 00 43 01 11), which provides:

> This insurance does not apply to:
>
> "Bodily injury", "property damage" or "personal and advertising injury" arising out of or in any way related to any real property where "your work" on or contiguous to that real property is as a:
>
> 1. "Takeover contractor"; or
>
> 2. Subcontractor or supplier to a "takeover contractor"
>
> "Takeover contractor" means a contractor that continues, completes, finishes, repairs or replaces any work of a previous contractor on real property that is in the "course of construction" at the time of "takeover".
>
> "Takeover" means the earlier of the date the "takeover contractor" signs the contract to become a "takeover contractor" or starts work as a "takeover contractor".
>
> "Course of construction" means that period after construction begins until the entire project has been: (a) finally accepted by its current owner or purchaser; and (2) put to its intended use; and (3) permitted for occupancy.

4.10 The Policies include the Insuring Agreement Amendment – Use of Extrinsic Evidence – Duty to Defend or Indemnify Endorsement (ID 00 47 01 14), which provides:

> We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a "suit" seeking "bodily injury", "property damage," or "personal and advertising injury". We may rely on extrinsic evidence to deny the defense and/or indemnity of a "suit".

Complaint for Declaratory Judgment – 10

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

4.11 The Policies include the Washington Changes – Defense Costs Endorsement, which provides:

> B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

4.12 While various provisions of the Policies could also or further limit, exclude, or define the scope of coverage under the Policies for Marok's claims against JWGC and Wolfson with respect to the Project, DSI is entitled to relief at this time based on the provisions referenced above.

## V.  CLAIM FOR DECLARATORY RELIEF

5.1 The allegations in paragraphs 1.1 through 4.12 are incorporated by reference as if fully set forth herein.

5.2 The Policies do not provide coverage, for defense or for indemnity, for claims alleged by Marok against JWGC and Wolfson with respect to the Project.

5.3 An actual controversy exists between DSI and JWGC and Wolfson regarding coverage under the Policies.

5.4 A declaratory judgment will terminate the controversy and remove uncertainty regarding the rights and duties of the parties under the policy with respect to the underlying

Complaint for Declaratory Judgment – 11

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004

action.

5.5 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSI demands trial by jury in this action of all issues so triable.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, DSI prays for relief as follows:

6.1 A declaratory judgment establishing that DSI has no obligations under the Policies to defend or indemnify JWGC and Wolfson against the claims asserted by Marok with respect to the Project.

6.2 A declaratory judgment establishing that JWGC and Wolfson must reimburse DSI for all defense costs DSI has paid to defend JWGC and Wolfson in the underlying litigation.

6.3 An award of such attorneys' fees, costs, and expenses as are authorized by law.

6.4 Such other relief as the Court deems just and equitable.

DATED this 4th day of October, 2017.

*s/Kenneth J. Cusack*
Carl E. Forsberg, WSBA #17025
Kenneth J. Cusack, WSBA #17650
Forsberg & Umlauf, P.S.
901 Fifth Ave. Suite 1400
Telephone: (206) 689-8500
Fax: (206) 689-8501
Email: cforsberg@foum.law
        kcusack@foum.law
Attorneys for Plaintiff Developers Surety & Indemnity Co.

Complaint for Declaratory Judgment – 12

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1933334 / 1408.0004